IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1999 SESSION

**FILED**

September 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9808-CC-00303 |
| | ) | |
| | ) | Jefferson County |
| v. | ) | |
| | ) | Honorable Rex Henry Ogle, Judge |
| | ) | |
| JAMES JASON GILBERT, | ) | (Rape of a child) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Robert W. Scott
Assistant Public Defender
Post Office Box 416
Dandridge, TN 37725

For the Appellee:

Paul G. Summers
Attorney General of Tennessee
and
Marvin S. Blair, Jr.
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243

Alfred C. Schmutzer, Jr.
District Attorney General
and
Steven Hawkins
Assistant District Attorney
Sevier County Courthouse, Suite 301
Sevierville, TN 37862

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

# O P I N I O N

The defendant, James Jason Gilbert, appeals as of right from his conviction for rape of a child, a Class A felony, following a bench trial in the Jefferson County Circuit Court. He was sentenced to twenty-five years confinement in the custody of the Department of Correction. On appeal, the defendant contends that the trial court erred in sentencing. We affirm the sentence imposed by the trial court.

This case arises from the twenty-year-old defendant's rape of his five-year-old male cousin. Testimony at trial shows that while the defendant was babysitting the victim, the defendant told the victim to bend over, penetrated the victim's anus with his penis, and ejaculated. The evidence shows that the victim suffered from a torn anus and rectal bleeding.

At the sentencing hearing, the defendant's mother testified that the defendant had never been in trouble before the rape. She testified that as a child, the defendant was sexually abused by his uncle.

A presentence report was admitted into evidence. The report states that the defendant is five feet, eleven inches tall and weighs two hundred ninety-five pounds. In the report, the defendant states as follows:

> I was babysitting my cousin. During that time I had my blackout spells. It seemed to be 2 to 3 hours but it must have been a few minutes. I woke up hearing [the victim] scream, "Stop stop it hurts." My mom and dad came home and asked me what happened. My cousin told them what happened but I wouldn't speak to them and ran off to the woods.

According to the report, the defendant has no previous criminal history. He graduated from high school and has a work history. The defendant reported that he was abused by his uncle.

2

In reaching its twenty-five-year sentence, the trial court applied the following enhancement factors, as listed in Tenn. Code Ann. § 40-35-114:

> (4) A victim of the offense was particularly vulnerable because of age or physical or mental disability . . . .;
>
> (7) The offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement; [and]
>
> (15) The defendant abused a position of public or private trust . . . .

In mitigation, the trial court found that the defendant had mental problems. See Tenn. Code Ann. § 40-35-113(8). The record indicates that the trial court gave great weight to enhancement factor (15) and little weight to mitigating factor (8).

The defendant contends that the trial court erred by imposing a sentence of twenty-five years. With respect to the enhancement factors, he argues that the trial court should not have applied factors (4) and (7) and that the trial court gave too much weight to factor (15). With respect to the mitigating factors, he argues that the trial court should have found that his conduct neither caused nor threatened serious bodily injury and that because of his youth, the defendant lacked substantial judgment. See Tenn. Code Ann. §§ 40-35-113(1), (6). He also argues that the trial court should have given more weight to the defendant's mental problems in mitigation. The state contends that the trial court properly sentenced the defendant.

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). As the Sentencing Commission Comments to this section note, the burden is now on the defendant to show that the sentence is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing

3

Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In this respect, for the purpose of meaningful appellate review,

> the trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. T.C.A. § 40-35-210(f) (1990).

State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1995).

Also, in conducting a de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229 (Tenn. 1986).

The sentence to be imposed by the trial court for a Class A felony is presumptively the midpoint in the range when there are no enhancement or mitigating factors present. Tenn. Code Ann. § 40-35-210(c). Procedurally, the trial court is to increase the sentence within the range based upon the existence of enhancement factors and then reduce the sentence as appropriate for any mitigating factors. Tenn. Code Ann. § 40-35-210(d), (e). The weight to be afforded an existing factor is left to the

trial court's discretion so long as it complies with the purposes and principles of the 1989 Sentencing Act, and its findings are adequately supported by the record. Tenn. Code Ann. § 40-35-210, Sentencing Commission Comments; Moss, 727 S.W.2d at 237; see Ashby, 823 S.W.2d at 169.

## I. ENHANCEMENT FACTORS

The defendant contends that the trial court erred by applying enhancement factor (4), the victim was particularly vulnerable because of his age. At the time of the rape, the victim was five years old and the defendant was twenty years old. Initially, we note that the state contends that it did not file notice of intent to use this factor and that the trial court did not apply this factor. However, although the trial court did not state the specific statutory numbers of the enhancement factors it found, it stated as follows:

> The age of this young man made him completely defenseless. The defendant in this case is a large, heavy set man, obviously very much stronger and more powerful . . . . [I]n this case, especially this case, this was a little five year old boy, had no way to escape, none whatsoever, from this defendant.

The record shows that the trial court did apply enhancement factor (4).

With respect to factor (4), our supreme court has stated that it "relates more to the natural physical and mental limitations of the victim than merely to the victim's age." State v. Adams, 864 S.W.2d 31, 35 (Tenn. 1993). The court held that particular vulnerability is shown when, because of age or physical or mental condition, the victim is "incapable of resisting, summoning help, or testifying against the perpetrator." Id. In Adams, the court concluded that the state failed to prove that the victims, who were ages three, four, and twelve, were particularly vulnerable to the defendant, who was twenty years old. We believe the same is true in the present case. Thus, the trial court erred by applying factor (4).

Next, the defendant contends that the trial court erred by applying enhancement factor (7), the offense was committed to gratify the defendant's desire for pleasure or excitement. The record shows that the trial court applied this factor because the defendant had an erection and ejaculated. Our supreme court has held that ejaculation, alone, is inadequate to support the application of factor (7). State v. Kissinger, 922 S.W.2d 482, 489-90 (Tenn. 1996). However, in the present case, the defendant provided a statement to the authorities in which he said that he got an erection when the victim sat on his knee and that he then raped the victim. We believe that evidence of the defendant's sexual arousal immediately before committing the rape, in addition to evidence of the defendant's ejaculation, supports a finding that the defendant raped the victim to gratify the defendant's desire for pleasure or excitement.

The defendant also contends that the trial court erred by placing great weight on enhancement factor (15), the defendant's abuse of private trust. If the trial court followed the sentencing purposes and principles, the weight to be afforded an existing factor is left to the trial court's discretion, and we hold that the trial court's findings with respect to factor (15) are adequately supported by the record. Tenn. Code Ann. § 40-35-210, Sentencing Commission Comments; Moss, 727 S.W.2d at 237; see Ashby, 823 S.W.2d at 169.

From our de novo review, we also determine that sentencing enhancement factor (16) applies in that the defendant committed the offense "under circumstances under which the potential for bodily injury to a victim was great . . . ." Tenn. Code Ann. § 40-35-14(16). Needless to say, the actual injuries suffered by the victim support the use of this factor.

6

## II. MITIGATING FACTORS

The defendant contends that the trial court erred by rejecting factor (1), the defendant's conduct neither caused nor threatened serious bodily injury. He argues that the state failed to prove that the victim's injuries were serious. The state contends that the record supports the application of the factor.

Serious bodily injury is defined as bodily injury which involves the following:

> (A) A substantial risk of death;
>
> (B) Protracted unconsciousness;
>
> (C) Extreme physical pain;
>
> (D) Protracted or obvious disfigurement;
>
> (E) Protracted loss or substantial impairment of a bodily member, organ, or mental faculty.

In the present case, considering that the victim was a small child and the defendant was a large adult, that the penetration caused the victim's anus to tear and caused rectal bleeding, and that the victim screamed for the defendant to stop, the record supports a finding that the penetration threatened extreme physical pain.

Next, the defendant contends that the trial court erred by not considering the defendant's youth as a mitigating factor. See Tenn. Code Ann. § 40-35-113(6). The defendant was twenty years old at the time of the crime. The trial court stated that factor (6) was inapplicable because "his statement and so forth indicates to the Court that he knew what he was doing . . . ." We note that, in addition, mental evaluations of the defendant show that he was articulate and that he knew what he did was wrong. He graduated from high school and held several jobs. The defendant has not shown that the trial court erred by denying this factor.

7

Finally, the defendant contends that the trial court erred by giving little weight to the defendant's mental problems as a mitigating factor. Again, we note that if the trial court follows the sentencing purposes and principles, the weight to be afforded to an existing factor is left to the trial court's discretion. We hold that the trial court's findings are adequately supported by the record. Tenn. Code Ann. § 40-35-210, Sentencing Commission Comments; Moss, 727 S.W.2d at 237; see Ashby, 823 S.W.2d at 169.

Although we conclude that the trial court should not have applied enhancement factor (4), we have also determined that enhancement factor (16) applies. Thus, the defendant remains with three enhancement factors and one mitigating factor. Under these circumstances, we hold that the record adequately supports the twenty-five-year sentence imposed by the trial court.

In consideration of the foregoing and the record as a whole, we affirm the judgment of conviction.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
John Everett Williams, Judge

_____
Alan E. Glenn, Judge